**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

Case No. _____

SUNBELT RENTALS, INC.,

   Plaintiff,

v.

HAMPTON ALF AT DEERWOOD, LLC,

   Defendant.

---

**COMPLAINT**

---

Plaintiff, Sunbelt Rentals, Inc. ("Sunbelt"), files this Complaint against defendant, Hampton Alf at Deerwood, LLC ("Hampton Alf").

PARTIES

1. Plaintiff Sunbelt is a corporation formed under the laws of North Carolina. Its principal place of business is in South Carolina.

2. Defendant Hampton Alf is a Florida limited liability company. On information and belief, the sole member of Hampton Alf is Concordis Holdings, LLC, a Florida limited liability company. On information and belief, the sole member of Concordis Holdings, LLC is Peder Johnson, a Florida resident.

JURISDICTION

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and

costs, and is between citizens of different states.  Sunbelt is a citizen of North Carolina and South Carolina.  Hampton Alf is a citizen of Florida.

4. This Court has personal jurisdiction over Hampton Alf because it conducts and transacts business in the State of Florida and is a citizen of the State of Florida.

## VENUE

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Hampton Alf is a resident citizen of this jurisdiction and conducts and transacts business in this jurisdiction.

## FACTS

6. Sunbelt rents equipment to its customers for use primarily in construction projects.

7. On information and belief, Hampton Alf manages an assisted living facility.

8. In 2019, Hampton Alf's Controller executed on its behalf a Sunbelt online credit application (the "Application").

9. A copy of the Application is attached as **Exhibit 1**.

10. Sunbelt's approval of the Application established an open account through which Hampton Alf could rent equipment from Sunbelt on credit.

11. The contractual terms ("Open Account Terms") that apply to the open account are attached as **Exhibit 2**.

12. Beginning in May 2019, Sunbelt rented certain equipment (the "Equipment") to Hampton Alf.

13. Hampton Alf did not fully pay Sunbelt the rental charges for the Equipment.

14. Unpaid invoices (the "Invoices") reflecting the Equipment that Hampton Alf rented from Sunbelt, and the associated rental fees, are attached as **Exhibit 3**.

15. The Open Account Terms provide for a service charge that accrues at a rate of one and one-half percent (1.5%) per month on the balance of delinquent invoices until the invoices are fully paid.

16. An account summary that references all of the Invoices is attached as **Exhibit 4**.

20. Exhibit 4 reflects that as of March 31, 2012, the total unpaid principal amount of the Invoices is $50,330.66 (the "**Principal Amount**").

21. The total amount due to Sunbelt, including service charges, is $66,520.76.

22. The Open Account Terms incorporate all the terms of Sunbelt's rental contract (the "Rental Contract") found on Sunbelt's website.

23. A copy of the Rental Contract is attached as **Exhibit 5**.

24. Hampton Alf also agreed to the terms of the Rental Contract when it accepted each piece of the Equipment.

FLORIDA STATE COURT ACTION; ATTORNEYS' FEES INCURRED

25. On December 9, 2019, Sunbelt filed a Complaint against Hampton Alf in the Circuit Court in the Fourth Judicial District, in and for Duval County, Florida.

26. The undersigned and counsel for Hampton Alf, Michael E. Rodriguez ("Mr. Rodriguez"), engaged in numerous settlement conversations, and, after agreeing in principal to certain terms, Mr. Rodriguez requested that the undersigned prepare a Receipt, Release, and Settlement Agreement.

27. The undersigned emailed and called Mr. Rodriguez numerous times in an effort to confect the settlement. Mr. Rodriguez never responded.

28. The Open Account Terms provide that Sunbelt can recover from Hampton Alf the reasonable attorneys' fees and costs it incurred and incurs to collect amounts Hampton Alf owes to Sunbelt.

29. The recoverable attorneys' fees Sunbelt has incurred to date in connection with the prosecution of this case, together with the Principal Amount and service charges described in ¶¶

14-21, exceeds the jurisdictional minimum provided in 28 U.S.C. § 1332.  *See*, *e.g.*, Clayton Consulting Services, Inc. v. Squire Dental Management, LLC, Civ. A. No. 3:20-cv-1165-J-34JBT, 2020 WL 6263756, at *3 (M.D. Fla. Oct. 23, 2020) ("the amount of attorneys' fees to be included in a calculation of the amount in controversy includes only the amount of fees incurred as of the time of removal, and does not include prospective amounts.").

30. Specifically, to meet the jurisdictional threshold, Sunbelt must have incurred at least $8,479.24 in attorneys' fees, and Sunbelt has incurred in excess of that amount to date as a result of filing suit in Florida state court, negotiating with counsel for Hampton Alf, Mr. Rodriguez, and drafting and attempting to confect a Receipt, Release, and Settlement Agreement.

### Claim 1 – Breach of Contract

31. Sunbelt repeats, reiterates, and incorporates all allegations contained in ¶¶ 1 - 30 of this complaint.

32. The Application, Open Account Terms, the Rental Contract, and the Invoices constitute the contract between Sunbelt and North.

33. Hampton Alf breached the contract by not fully paying Sunbelt for its rental of the Equipment.

34. Sunbelt suffered damages because of Hampton Alf's breach of contract.

### Claim 2 – Unjust Enrichment

35. In addition and/or in the alternative, Sunbelt repeats, reiterates, and incorporates all allegations contained in ¶¶ 1 - 34 of this complaint.

36. Sunbelt rented the Equipment to Hampton Alf.

37. Sunbelt only furnished the Equipment to Hampton Alf after Hampton Alf executed the Application and accepted each piece of the Equipment.

38. Hampton Alf did not pay to Sunbelt any of the rental charges for the Equipment and it would be unjust for Hampton Alf to retain the benefit of such Equipment without paying for the same.

39. Accordingly, Hampton Alf is liable to Sunbelt for the value of such benefit, under the theory of unjust enrichment.

### Claim 3 – Attorneys' Fees

40. Sunbelt repeats, reiterates, and incorporates all allegations contained in ¶¶ 1 - 39 of this complaint.

41. Because of the plain breaches by Hampton Alf, it became necessary for Sunbelt to retain attorneys to litigate its claims.

42. In accordance with the Open Account Terms, Sunbelt is entitled to recover its reasonable attorneys' fees.

### Demand for Relief

ACCORDINGLY, Sunbelt respectfully requests that this Court enter a judgment in Sunbelt's favor and against Hampton Alf granting the following relief:

i. the unpaid Principal Amount of the Invoices and the service charges that have been accrued to date;

ii. service charges that will continue to accrue until the unpaid Principal Amount of the Invoices is fully collected;

iii. attorneys' fees and other costs Sunbelt has incurred and will incur to collect the amounts that Hampton Alf owes to Sunbelt;

iv. prejudgment interest;

v. postjudgment interest; and

vi. any other relief that the Court deems appropriate.

- 6 -

Date:   May 6, 2021            Respectfully submitted,

*/s/ M. Elizabeth Roper*
M. Elizabeth Roper (MSB #0100795)
BUTLER SNOW LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, Mississippi 39158-6010
P: (601) 948-5711; F: (601) 985-4500
beth.roper@butlersnow.com

**Counsel for Sunbelt Rentals, Inc.**

58719149.v1